UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ X
                                               :

  UNITED STATES OF AMERICA                        PROTECTIVE ORDER

                                                 :

                v.                                        14 Cr. 401 (KPF)

                                                 :

HAJI NAJIBULLAH
   a/k/a "Najibullah Naim,"                          :
   a/k/a "Abu Tayeb,"
   a/k/a "Atiqullah,"                                  :

                    Defendant.                   :

------------------------------------ X

KATHERINE POLK FAILLA, District Judge:

        WHEREAS, HAJI NAJIBULLAH, a/k/a "Najibullah Naim," a/k/a "Abu Tayeb," a/k/a "Atiqullah," the Defendant, has certain rights under the United States Constitution, federal statutes, and the Federal Rules of Criminal Procedure, to pre-trial discovery; and

        WHEREAS, the Government recognizes its obligation to provide such discovery materials to the Defendant, consistent with safety considerations; and

        WHEREAS, the discovery materials that the Government intends to provide to the Defendant contain certain materials, including witness statements, that, if disseminated to third parties, could, among other things, implicate the safety of others;

        WHEREAS pursuant to Rule 16(d)(1) and Title 18, United States Code, Section 3771, the Government desires to protect the confidentiality of the above-referenced materials (the "Protected Materials"), and for good cause shown;

        WHEREAS, in the interest of expediting the discovery process, the Defendant, by his attorneys, Mark Gombiner, Esq., consents to the entry of this Order;

        IT IS HEREBY ORDERED that, pursuant to Federal Rule of Criminal Procedure 16(d), and subject to the additional limitations set forth below, that the Government shall

specifically designate any of the discovery material as "Protected Material" by either stamping the material as "Protected Material" or, where that is not possible, clearly noting that the discovery material is "Protected Material" in the Government's transmittal communication. The Defendant shall have the opportunity to challenge any such designation through an application to the Court, after conferring with the Government.

IT IS FURTHER ORDERED THAT Protected Materials provided to the Defendant and his counsel shall not be further disseminated by the Defendant or his counsel to any individuals, organizations or other entities, other than to members of the legal defense team (limited to co-counsel, paralegals, investigators, expert witnesses, translators, interpreters, litigation support personnel, secretarial staff, and the Defendant), each of whom shall be provided with a copy of this Protective Order by defense counsel and will be advised by defense counsel that he or she shall not further disseminate or discuss the materials and must follow the terms of the Protective Order.

IT IS FURTHER ORDERED that the Protected Material or their contents may not be provided to any foreign persons or entities (except if such persons or entities are members of the defense team as defined above or if the Court authorizes such disclosure on a case-by-case basis) and may only be transmitted outside of the United States in a manner consistent with the terms of this Order or any Court authorization.

IT IS FURTHER ORDERED that each of the individuals to whom disclosure of the Protected Material is made shall, before being shown any Protected Material, subscribe to a copy of the stipulation attached hereto, a copy of which shall be submitted to the Court by the defense ex parte and under seal.

IT IS FURTHER ORDERED that defense counsel may seek ex parte authorization of the Court, with notice to the Government of such application (but not its contents), to provide

Protected Materials to persons whose access to Protected Materials is otherwise prohibited by the preceding paragraphs, if it is determined by the Court that such access is necessary for the purpose of preparing the defense of the case.

IT IS FURTHER ORDERED that, all Protected Materials are to be provided to the defendant, and used by the defense team, solely for the purpose of allowing the Defendant to prepare his defense to the charges in the indictment and for use at trial in this action and proceedings incident to trial, and that none of the Protected Materials produced by the Government to the Defendant shall be disseminated to any other third party in a manner that is inconsistent with the preceding paragraphs.

IT IS FURTHER ORDERED that nothing herein shall limit the use of Protected Materials at any hearing, trial in this action, or at any proceeding incident to trial.

IT IS FURTHER ORDERED that nothing in this order shall be construed to impair the right of the Defendant to disseminate materials or information obtained from third parties or otherwise in his possession.

IT IS FURTHER ORDERED that, nothing in this Order prohibits the media for requesting copies of any items that are received by the Court as public exhibits at a hearing, trial, or other proceeding.

IT IS FURTHER ORDERED that, nothing in this Order shall preclude the Government from seeking a further protective order pursuant to Rule 16(d) or the Classified Information Procedures Act as to particular items of discovery material.

The Court retains discretion whether to afford confidential treatment to any confidential document or information contained in any confidential document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

Dated:  New York, New York
        December 18, 2020

AGREED AND CONSENTED TO:

        AUDREY STRAUSS
        Acting United States Attorney
        Southern District of New York

By:  /s/
        Sam Adelsberg
        Sidhardha Kamaraju
        Michael Krouse
        Assistant United States Attorneys
        Southern District of New York
        (212) 637-2494 / 6523 / 2279

        HAJI NAJIBULLAH

By:
        Mark Gombiner
        Andrew Dalack
        Samuel Jacobson
        Federal Defenders of New York
        Attorneys for Defendant

SO ORDERED:

New York, New York
December 22, 2020

        HON. KATHERINE POLK FAILLA
        UNITED STATES DISTRICT JUDGE

SOUTHERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
SOUTHERN DSTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

v.

HAJI NAJIBULLAH
   a/k/a "Najibullah Naim,"
   a/k/a "Abu Tayeb,"
   a/k/a "Atiqullah,"

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

STIPULATION TO PROTECTIVE ORDER

14 Cr. 401 (KPF)

(Submitted Under Seal)

I, _____, state that:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have received a copy of the Protective Order entered in the above-entitled action on _____.

5. I have carefully read and understand the provisions of the Stipulation.

6. I will comply with all of the provisions of the Stipulation.

7. I will hold in confidence, will not disclose to anyone not qualified under the Stipulation, and will use only for purpose of this action, any Confidential Information that is disclosed to me.

8. I will return all Confidential Information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel form whom I received the Confidential Information.

5

9. I hereby submit to the jurisdiction of this court for the purpose of enforcement of the Stipulation in this action.

Dated: _____          _____