**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
Executive Director
and Attorney-in-Chief

Southern District of New York
Jennifer L. Brown
Attorney-in-Charge

April 25, 2023

**BY ECF**

Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:   *United States v. Haji Najibullah a/k/a Nesar Ahmed Mohammed*, (S2) 14 Cr. 401 (KPF)

Dear Judge Failla,

      We write to request that the Court modify its April 3, 2023 order directing counsel "not to share classified materials" with Mr. Najibullah until at least the conference scheduled for May 4, 2023. Dkt. No. 79 at 33. On April 19, 2023, the government extended a "potential" plea offer to Mr. Najibullah with the provisos that the terms of the offer are "not open for discussion" and that Mr. Najibullah must indicate his "intent to agree" to those terms by 2 p.m. on April 28, 2023 or else to expect "no other plea offer of any kind … in this case." For the following reasons, we cannot fulfill our Sixth Amendment obligation to advise Mr. Najibullah as to whether he should accept the offer without discussing the classified materials that he has already seen.

      This letter also supplements our April 19, 2023 opposition to the government's April 12, 2023 motion to bar Mr. Najibullah from continuing to see and discuss classified materials that were purportedly "inadvertently" produced to him. The prejudice inherent in not being able to discuss the classified materials in the context of plea bargaining is yet another unconstitutional consequence of the government's belated attempt to revoke Mr. Najibullah's access to classified materials that were produced to him over a two-year period.

      I.      **Relevant Facts**

      On April 3, 2023, the parties appeared for argument on Mr. Najibullah's motion to compel discovery. Before any argument could proceed, the government advised the Court that it had "inadvertently" produced hundreds of pages of

classified information to Mr. Najibullah in "five or six" separate productions over a two-year period and that—while it was "still evaluating"—the government was taking the position that not a "single classified production" should have been shared with him. Dkt. No. 79 at 14-16. After an extensive colloquy, the Court adjourned the argument until May 4, 2023. *Id.* at 37. The Court ordered defense counsel "for this brief portion of the case … not to share classified materials" with Mr. Najibullah. *Id.* at 33. This temporary restriction was premised on the understanding that "the only issue that is on the table is whether he gets to see them." *Id.*

The premise for the Court's April 3, 2023 order is no longer valid. On April 19, 2023, the government emailed defense counsel that "it would be prepared to accept a plea" from Mr. Najibullah to certain counts of the superseding indictment. The government averred that its email should not be construed as a "formal plea offer as contemplated by *Lafler/Frye*" and that the proposal was "subject to approval by DC and [its] obligation to consult with the victims of the offenses." Nonetheless, the government also insisted that the plea proposal was "not open to discussion" and that its "willingness to make an offer along these lines" required Mr. Najibullah to agree to the proposal by April 28, 2023 at 2 p.m, nine days after it was first conveyed. If he did not state his "intent to agree" by that deadline, the government warned, "the [U.S. Attorney's] Office will no longer be willing to recommend extending a formal plea offer to these terms, and it is quite likely that no other plea offer of any kind would be forthcoming in this case."

On April 24, 2023, defense counsel asked the government to extend the time to accept the plea offer until after the Court has ruled on Mr. Najibullah's access to the classified materials. Counsel told the government that it could not effectively advise Mr. Najibullah about the proposed offer unless it could review with him the classified materials previously supplied to him.

The government responded by reiterating its view that it had "not made a formal plea offer as contemplated by *Lafler/Frye*" and that "no offer has been extended." At the same time, the government affirmed that its purported non-offer is still subject to the April 28th deadline and that the government "cannot commit that [it] would be prepared and authorized to extend any potential offer, including the potential offer that has been discussed, at a future stage of the case after the April 28th date."

II.   **Argument**

The Supreme Court makes clear that "criminal defendants require effective counsel during plea negotiations," *Missouri v. Frye*, 566 U.S. 134, 144 (2012), and that "if a plea bargain has been offered, a defendant has the right to effective

assistance of counsel in considering whether to accept it." *Lafler v. Cooper*, 566 U.S. 156, 168 (2012). Accordingly, counsel has a duty to convey the government's offer to Mr. Najibullah and advise him as to whether he should accept it.[1]

Under the present circumstances (a bar on any mention of the classified materials), Mr. Najibullah cannot receive the effective assistance of counsel with respect to whether to accept the proposed offer. As in any plea-bargaining situation, this critical decision turns on an evaluation of the strengths and weaknesses of the government's case. Here, almost all the evidence that bears on these considerations is contained in the classified materials. Any meaningful advisal depends on a frank interchange between counsel and client about this evidence. It is categorically impossible to expect Mr. Najibullah and his counsel to consider a plea bargain without the ability to discuss the government's evidence, including the classified materials. Any such discussion would be a bizarre and useless artifice in which counsel and client would have to pretend to ignore almost all the facts pertinent to the discussion.

There does not seem to be any precedent for a situation where a defendant has been given an ultimatum about accepting a plea offer while he/she and his/her lawyers are bound by a court order not to talk about the very evidence that would inform the decision. Common sense, however, dictates that such a preposterous scenario does not comport with either the Fifth Amendment guarantee of due process or the Sixth Amendment right to effective assistance of counsel.

The untenable circumstances attending counsel's ability to effectively advise Mr. Najibullah about the government's proposed pretrial resolution provide additional support for Mr. Najibullah's argument that he has been irrevocably prejudiced by the government's allegedly "inadvertent" treatment of classified information. *See* Def.'s Letter, Dkt. No. 81 at 13-14. As with the other harms already identified from the government's attempt to take back what it voluntarily disclosed, the prejudice to the plea-bargaining process is palpable.

---

[1] The government cannot eliminate defense counsel's duty to convey the offer and provide effective advice about it simply by asserting that the proposal is not a "formal offer." When the government suggests a plea resolution with a drop-dead date, counsel has an absolute duty to convey that proposal and advise their client as to whether to accept it. This is especially true when the government asserts that there will likely be no plea offer of any kind unless Mr. Najibullah accepts the offer and its specific terms, which are not open for discussion, on or before the date imposed by the government.

### III.  Conclusion

For the foregoing reasons, the Court should modify its April 3, 2023 Order and immediately permit Mr. Najibullah and his counsel to discuss the classified documents previously provided to him so that counsel can provide constitutionally effective advice as to whether to accept the government's potential plea offer.

Respectfully submitted,

_____/s/_____
Andrew Dalack
Mark Gombiner
Samuel Jacobson
Ariel Werner
Assistant Federal Defenders
Tel.: (212) 417-8700

cc:     counsel of record (by ECF)