UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v.-

HAJI NAJIBULLAH,
    a/k/a "Najibullah Naim,"
    a/k/a "Abu Tayeb,"
    a/k/a "Atiqullah,"
    a/k/a "Nesar Ahmad Mohammad,"

                Defendant.

14 Cr. 401 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

On April 3, 2023, the Court held a hearing to address Defendant Haji Najibullah's motion to compel and various other pretrial motions. (*See* April 3, 2023 Minute Entry; Dkt. #79 (transcript)). At that conference, the Government first alerted the Court to its belief that several classified productions had been mismarked, such that Mr. Najibullah — over a period of years — had been able to see and discuss with his counsel classified materials that he should not have been authorized to see. After extensive argument, the Court set a briefing schedule on the Government's motion to restrict, on a going-forward basis, Mr. Najibullah's ability to review and discuss the classified materials produced by the Government, and adjourned the hearing until May 4, 2023. (*See* Dkt. #79 at 36). As an interim measure, for the period between April 3, 2023, and May 4, 2023, the Court instructed defense counsel to refrain from sharing the materials at issue with Mr. Najibullah pending the Court's resolution of the Government's motion (hereinafter, the "Interim Decision"). In relevant part, the Court noted that "[f]or this brief portion of the

case, I am going to direct you not to share classified materials with Mr. [Najibullah], because right now the only issue that is on the table is whether he gets to see them.  He doesn't need to see them for you to answer the question as to why he gets to see them."  (Dkt. #79 at 33).

At the time the Court issued the Interim Decision, it understood and intended that its decision would maintain the status quo and prevent prejudice to either side while the Court considered the Government's motion.  On April 19, 2023, the Government communicated to the defense what the Court understands to be a preliminary proposal for a pretrial resolution of this case. (Dkt. #82 (Defendant's letter brief), 83 (Government's response)).[1]  While the Government is careful to note that the proposal it extended to the defense team is not a formal plea offer in the vein of Supreme Court decisions such as *Lafler* v. *Cooper*, 566 U.S. 156 (2012), and *Missouri* v. *Frye*, 566 U.S. 134 (2012), the proposal shares certain salient characteristics:  It proposes a framework for a pretrial resolution of this case; it specifies a deadline on which the proposal will expire if not accepted; and the Government has declined to commit that it will make a similar — or, indeed, any — plea offer at a future stage in this case. (Dkt. #83 at 2).  The Court here refers to the Government's April 19 proposal as an "offer" in the colloquial sense, fully mindful of the caveats expressed by the Government and without meaning to implicate *Lafler* or *Frye*.[2]

---

[1]  Given the parties' agreement as to the date on which the Government's proposal was communicated, the Court is disappointed that the defense waited until the sixth day of a nine-day period to file such a time-sensitive application with this Court.

[2]  Similarly, nothing in this Order should be taken as an indication of the Court's views on

2

After reviewing the parties' submissions and the transcript of the April 3 hearing, the Court concludes that the Government's communication of the offer changes the calculus adopted by the Court on April 3.  In particular, and the Court assumes unwittingly, the Government appears to be capitalizing on the Interim Decision by requiring the defense to consider a time-sensitive offer without defense counsel being able to discuss with Mr. Najibullah two years' worth of classified discovery that, until very recently, they had regularly discussed with him.  What is more, the timing of the Government's offer and its position with respect to the instant application operate effectively to preempt the Court's decision on the Government's pending motion.  While the Court is not here finding a Sixth Amendment violation on the facts outlined in the defense's application, it shares defense counsel's concerns about providing effective advice to Mr. Najibullah concerning the offer, particularly because the timeframe of the offer forecloses the ability of the defense to obtain suitable substitutions or summaries under the Classified Information Procedures Act ("CIPA").  *See generally United States* v. *Alshahhi*, No. 21 Cr. 371 (BMC), 2022 WL 4273850, at *2 (E.D.N.Y. Sept. 15, 2022) ("Under CIPA, when exculpatory classified information exists, the Government has three choices: it can provide the information, produce an accurate summary to give the defendant substantially the same ability to make his defense as would disclosure of the specific classified information, or dismiss the case.").  For all of these reasons,

---

the Government's motion to restrict Mr. Najibullah's access to classified materials, which motion will be resolved in due course.

the Court grants the defense's motion to modify its Interim Decision insofar as the Court will permit defense counsel to review and discuss with Mr. Najibullah those classified materials that had previously been shared with him through and including the moment of Mr. Najibullah's decision with respect to the Government's offer. From that time until the Court's resolution of the Government's motion, the Court's Interim Decision again controls.

The Court recognizes that, under Federal Rule of Criminal Procedure 11, it may not participate in the parties' plea discussions. *See* Fed. R. Crim. P. 11(c)(1) ("An attorney for the government and the defendant's attorney, or the defendant when proceeding *pro se*, may discuss and reach a plea agreement. The court must not participate in these discussions."). That said, because a one-day portion of the delay is attributable to the Court's consideration of the defense's application, the Court would appreciate if the Government would consider extending the offer for one business day, through and including Monday, May 1, 2023.

The Clerk of Court is directed to terminate the pending motion at docket number 82.

SO ORDERED.

Dated:  April 27, 2023
        New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge