UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

    -v.-

HAJI NAJIBULLAH,
    a/k/a "Najibullah Naim,"
    a/k/a "Abu Tayeb,"
    a/k/a "Atiqullah,"
    a/k/a "Nesar Ahmad Mohammad,"

                      Defendant.

14 Cr. 401 (KPF)

**PROTECTIVE ORDER WITH RESPECT TO CERTAIN DISCOVERY**

---

KATHERINE POLK FAILLA, District Judge:

    This matter came before the Court on the Government's motion ("Government Motion"), exhibits, and the declarations of various Government officials (collectively, the "Government Submission"). The Government Submission was filed *ex parte*, *in camera*, and through the Classified Information Security Officer on September 2, 2022.

    The Government Submission sought a protective order, pursuant to Section 4 of the Classified Information Procedures Act ("CIPA") and Rule 16(d)(1) of the Federal Rules of Criminal Procedure, regarding disclosure of certain information. After *ex parte*, *in camera* consideration of the Government Submission, this Court finds:

        1.    That the Government Submission contains and describes classified information that requires protection against unauthorized disclosure.

That information is described with particularity in the Government Submission.

2. The heads of the departments that have control of the classified information described in the Government Submission, after actual personal consideration, have lodged the state secrets privilege with respect to that classified information.

### Deleted Classified Materials

3. Disclosure of the "Deleted Classified Materials"—as that term is defined in the Government Motion—to the defense or the public could reasonably be expected to cause serious damage to the national security.

4. The Deleted Classified Materials, other than those summarized on pages 94 and 95 of the Government Motion (the "Outstanding Classified Materials"), are not discoverable under *Brady* v. *Maryland*, 373 U.S. 83 (1963), and its progeny, or Rule 16 of the Federal Rules of Criminal Procedure, and are not helpful to the defense, that is, useful to counter the Government's case or bolster a defense, as required under *United States* v. *Aref*, 533 F.3d 72, 78 (2d Cir. 2008). The Court will address the Outstanding Classified Materials at a later date.

### Substituted Classified Materials

5. Disclosure of the "Substituted Classified Materials" — as that term is defined in the Government Motion — to the defense or the public could reasonably be expected to cause serious damage to the national security.

6.     The Proposed Substitutions — contained in Exhibits S, T, W, and X to the Government Motion — provide the defendant with substantially the same ability to make his defense as would disclosure of the Substituted Classified Materials.

Accordingly, it is:

ORDERED that the Government Motion is granted, and the Deleted Classified Materials as defined in the Government Motion and described herein (other than the Outstanding Classified Materials described above), need not be disclosed to the defense; and it is further

ORDERED that the Government shall produce to defense counsel the Proposed Substitutions, as contained in Exhibits S, T, W, and X to the Government Motion and described herein; and it is further

ORDERED that the Government Submission is hereby sealed, and shall remain preserved in the custody of the Classified Information Security Officer, in accordance with established court security procedures, until further order of this Court.

SO ORDERED.

Dated:     March 1, 2023
           New York, New York

                                              _____
                                              KATHERINE POLK FAILLA
                                              United States District Judge